IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WAYNE REDDICK,

    Plaintiff,

v.

CIVIL ACTION NO.: CV608-006

CO. II J. HUTCHESON,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Hays State Prison in Trion, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement while confined at Georgia State Prison. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends Defendant Hutcheson was deliberately indifferent to his serious medical needs because he refused to take Plaintiff to a scheduled doctor's appointment. Plaintiff asserts Defendant Hutcheson's actions were based on racial discrimination and resulted in the violation of Plaintiff's right to equal protection and the Fifth Amendment.

The Equal Protection Clause precludes the State (or state actors) from arbitrarily or capriciously classifying or treating similarly situated individuals differently. Stanton v. Stanton, 421 U.S. 7, 14, 95 S. Ct. 1373, 1377, 43 L. Ed. 2d 688 (1975). Plaintiff has failed to demonstrate that Defendant Hutcheson classified or treated him differently than similarly situated inmates. Thus, Plaintiff is not entitled to relief on this claim.

Additionally, "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. amend. V. "In order to establish a violation of the

Due Process Clause, a [plaintiff] must have been deprived of a liberty or property interest protected under the Fifth Amendment." Cook v. Wiley, 208 F.3d 1314, 1322 (11th Cir. 2000). Plaintiff has failed to make this showing, and his due process claims should be dismissed.

Plaintiff's cognizable claims are addressed in an Order of even date.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's equal protection and Fifth Amendment due process claims be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 13th day of March, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE