IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WAYNE REDDICK,

    Plaintiff,

v.                                       CIVIL ACTION NO.: CV608-006

CO. II JOSEPH HUTCHESON,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Baldwin State Prison, in Hardwick, Georgia, filed his complaint pursuant to 42 U.S.C. § 1983 contesting conditions of his confinement while incarcerated at Georgia State Prison. Plaintiff named Joseph Hutcheson, II as Defendant. Defendant filed a Motion to Vacate In Forma Pauperis, or, in the alternative, Motion to Dismiss. (Doc. No. 56). Plaintiff filed a Response (Doc. No. 60), an Amended Response (Doc. No. 62), and a Brief (Doc. No. 63). For the reasons which follow, Defendant's Motion to Vacate In Forma Pauperis should be **DENIED** and the Motion to Dismiss should be **GRANTED**, in part, and **DENIED**, in part.

## STATEMENT OF THE CASE

Plaintiff alleges that he is limited to a wheelchair and had a doctor's appointment on the morning in question. Plaintiff further alleges that Defendant Hutcheson acted deliberately indifferent to his serious medical needs by refusing to retrieve his wheelchair and escort him to his scheduled doctor's appointment. (Doc. No. 1, p. 3).

AO 72A
(Rev. 8/82)

Plaintiff contends that his Eighth Amendment rights were violated by Defendant's actions. (Id.). Plaintiff further contends that Defendant's alleged actions violated Title II of the Americans with Disabilities Act ("ADA"). (Id. at 4).

Defendant asserts that Plaintiff should not be permitted to proceed in forma pauperis because he has three strikes. (Doc. No. 56-2, pp. 2-4). Defendant further asserts that Plaintiff's Eighth Amendment rights were not violated. (Id. at 4-7). Defendant contends that Plaintiff's ADA claims should be dismissed. (Id. at 7-11). Defendant further contends that he can not be sued in his official capacity under § 1983. (Id. at 11-13). Defendant asserts that he is entitled to qualified immunity. (Id. at 13-18).

## STANDARD OF DETERMINATION

A motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted "'unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.'" Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); accord Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir. 1996). In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002). Furthermore, all facts alleged by the plaintiff must be accepted as true. Christopher, 536 U.S. at 406. When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting

Quality Foods de Centro America, S.A. v. America Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (citing Conley, 355 U.S. at 45-46).

## DISCUSSION AND CITATION OF AUTHORITY

**I.  Plaintiff does not have three strikes.**

Defendant contends that the Prison Litigation reform Act ("PLRA") prohibits Plaintiff from proceeding in forma pauperis because he has three strikes. Defendant asserts that Plaintiff filed: Reddick v. Wimberly, CV605-002, which was dismissed for failure to exhaust administrative remedies; an appeal of that dismissal in Reddick v. Wimberly, 06-16599-I, which was dismissed by the Eleventh Circuit Court of Appeals for lack of jurisdiction; and Reddick v. Jackson, CV607-044, which was dismissed pursuant to a frivolity review. (Doc. No. 56-2, pp. 2-4).

A prisoner proceeding in forma pauperis in a civil action against officers or employees of government entities must comply with the mandates of the PLRA, 28 U.S.C.A. § 1915. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The dismissal of a prisoner's civil suit for lack of jurisdiction does not count as a strike under the PLRA's "three strike" limitation on in forma pauperis proceedings. Doing so would conflict with the statute's text, which counts as a strike an

action or appeal "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). A dismissal of an appeal for lack of jurisdiction is not the same as a dismissal because the appeal is frivolous, malicious, or fails to state a claim. See Thompson v. Drug Enforcement Admin., 492 F. 3d 428, 437 (C.A.D.C. 2007).

As the Eleventh Circuit Court of Appeals dismissed Plaintiff's appeal in Reddick v. Wimberly for lack of jurisdiction, he has not violated the PLRA's three strike provision. See Thompson, 492 F. 3d at 437. Thus, Plaintiff should be permitted to proceed in forma pauperis in this action and Defendant's Motion to Vacate In Forma Pauperis should be **DENIED**.

II. **Plaintiff has sufficiently stated a cause of action for the alleged violation of his Eighth Amendment rights.**

Defendant contends that Plaintiff's Eighth Amendment rights were not violated because he has not stated an objectively serious medical need and he has not established that Defendant knew of, and disregarded, his serious medical needs. (Doc. No. 56-2, pp. 4-7).

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994).

Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component. Hill v. DeKalb Reg'l Youth Detention Ctr., 40

AO 72A
(Rev. 8/82)

4

action or appeal "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). A dismissal of an appeal for lack of jurisdiction is not the same as a dismissal because the appeal is frivolous, malicious, or fails to state a claim. See Thompson v. Drug Enforcement Admin., 492 F. 3d 428, 437 (C.A.D.C. 2007).

As the Eleventh Circuit Court of Appeals dismissed Plaintiff's appeal in Reddick v. Wimberly for lack of jurisdiction, he has not violated the PLRA's three strike provision. See Thompson, 492 F. 3d at 437. Thus, Plaintiff should be permitted to proceed in forma pauperis in this action and Defendant's Motion to Vacate In Forma Pauperis should be **DENIED**.

II. **Plaintiff has sufficiently stated a cause of action for the alleged violation of his Eighth Amendment rights.**

Defendant contends that Plaintiff's Eighth Amendment rights were not violated because he has not stated an objectively serious medical need and he has not established that Defendant knew of, and disregarded, his serious medical needs. (Doc. No. 56-2, pp. 4-7).

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994).

Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component. Hill v. DeKalb Reg'l Youth Detention Ctr., 40

F.3d 1176, 1186 (11th Cir. 1994). The objective component is "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Estelle, 429 U.S. at 103). Under that standard, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'." Hill, 40 F.3d at 1186 (quoting Hudson, 503 U.S. at 9). In the Eleventh Circuit, a medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill, 40 F.3d 1187 (internal citations omitted). A medical need is considered serious when a delay in treatment results in an inmate suffering a life-long handicap or permanent loss. Id. at 1188. As to the subjective component, the Eleventh Circuit "has consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference." Hill, 40 F.3d at 1186 (quoting Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989)). To demonstrate deliberate indifference in the medical context, Defendants must have intentionally delayed access to medical care for such a period as to constitute the unnecessary and wanton infliction of pain. Adams v. Poag, 61 F.3d 1537, 1543-44 (11th Cir. 1995).

Plaintiff has sufficiently stated a § 1983 cause of action based on allegations that his Eighth Amendment rights were violated. As this Court is required to accept as true all of Plaintiff's allegations on a motion to dismiss, it appears that Plaintiff has satisfied his burden. See Christopher, 536 U.S. at 406. Contrary to Defendant's assertion, Plaintiff does state an objectively serious medical need. Plaintiff alleges that Defendant's actions caused a delay in treatment that resulted in him having "a seizure,

AO 72A
(Rev. 8/82)

a suffer more physical injuries, bursting my head, knocking out teeth, biting my tongue, causing injury to my eyes a loss of vision, chest pains, tonic clonic seizures, mental and emotional pain and suffering." (Doc. No. 1, p. 4). Plaintiff has also alleged facts that would satisfy the subjective component of the Estelle analysis. Plaintiff alleged that Defendant knew of his serious medical needs because Defendant had witnessed him have seizures and had heard doctors talk of his serious medical needs. (Doc. No. 60, p. 3). Plaintiff further alleged that Defendant knew of his doctor's appointment and refused to take him. Plaintiff asserted that Defendant lied to the hospital floor and told them that Plaintiff refused to come to the appointment. (Doc. No. 1, p. 3). Plaintiff should have the opportunity to offer evidence to support his claims. This portion of Defendant's Motion to Dismiss should be **DENIED**.

### III. Defendant is not entitled to qualified immunity.

Defendant asserts that he is entitled to qualified immunity. Defendant contends that he was acting within the scope of his discretionary authority during the events in question. Defendant further contends that Plaintiff's allegations, even if assumed true, do not state a constitutional or statutory violation. Defendant asserts that he is still entitled to qualified immunity even if Plaintiff were found to have stated a constitutional or statutory violation because Plaintiff can not show that there is clearly established law that put him on notice that his actions violated Plaintiff's rights. Defendant concedes that it is clearly established law that prison officials can not be deliberately indifferent to a prisoner's medical needs, but contends that there is no clearly established law that provides that his actions amounted to deliberate indifference. (Doc. No. 56-2, pp. 13-18).

AO 72A
(Rev. 8/82)

The law governing whether a government official is entitled to qualified immunity is well-established in the Eleventh Circuit. Qualified immunity protects government officials performing discretionary functions from suit in their individual capacities, so long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Gonzalez v. Reno, 325 F.3d 1228, 1232 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739 (2002)). A government official must first prove that he was acting within his discretionary authority. Id. at 1233; Ray v. Foltz, 370 F.3d 1079, 1081-82 (11th Cir. 2004). "A government official acts within his or her discretionary authority if objective circumstances compel the conclusion that challenged actions occurred in the performance of the official's duties and within the scope of this authority." Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1185 n. 17 (11th Cir.1994). Once the government official has shown he was acting within his discretionary authority, the burden shifts to the Plaintiff to show that the Defendant is not entitled to qualified immunity. The Supreme Court has established a two-part test to determine the applicability of qualified immunity: First, the court must determine whether plaintiff's allegations, if true, establish a constitutional violation. Hope, 536 U.S. at 736. If, under the plaintiff's allegations, the defendants would have violated a constitutional right, "the next, sequential step is to ask whether the right was clearly established." Saucier v. Katz, 533 U.S. 194, 201 (2001); Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir.2004).

Defendant's assertion that he is entitled to qualified immunity on Plaintiff's § 1983 claims is without merit. Plaintiff's claims brought pursuant to § 1983, if true, establish constitutional violations by Defendant. Plaintiff asserts that Defendant was deliberately

indifferent to his serious medical needs, and it was clearly established law at the time that prison officials are not to exhibit deliberate indifference to the serious medical needs of prisoners. See Farmer, 511 U.S. at 832. Defendant's Motion seeking dismissal of Plaintiff's § 1983 claims based on qualified immunity should be **DENIED**.

IV.    **Plaintiff's § 1983 claims are barred to the extent that he is seeking claims against Defendant in his official capacity.**

The Eleventh Amendment protects states from being sued in federal court without their consent. Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003). A lawsuit against state officials in their official capacities is no different from a suit against a state itself; such defendants are immune. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). In enacting 42 U.S.C.A. § 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Id. at 67. Because the state of Georgia would be the real party in interest in a suit against defendant in his official capacity, the Eleventh Amendment immunizes him from suit in his official capacity for monetary damages. Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989).

It is not clear from Plaintiff's Complaint whether he is suing Defendant in his official capacity. However, to the extent Plaintiff seeks to hold Defendant liable in his official capacity, Plaintiff's claims should be **DISMISSED** pursuant to Eleventh Amendment immunity. That portion of Defendant's Motion to Dismiss should be **GRANTED**.

V.    **Plaintiff's ADA claims should be dismissed.**

Defendant asserts that Plaintiff's ADA claims can only proceed against him in his official capacity because the ADA does not permit claims against individuals. (Doc. No.

56-2, p. 7). Defendant contends that as Plaintiff can not show any constitutional violation has occurred, his ADA claim should be dismissed because he can not show a valid abrogation of state immunity. (Id. at 7-8). Defendant further contends that Plaintiff is not a qualified individual because he fails to describe any major life activity that he was unable to participate in. (Id. at 8-10). Defendant asserts that Plaintiff's ADA claims are more properly characterized as Eighth Amendment claims because he is essentially arguing that Defendant failed to adequately meet his medical needs, not that Defendant discriminated against him on the basis of any disability. (Id. at 10-11).

The ADA does not provide for individual liability. Mason v. Stallings, 82 F. 3d 1007, 1009 (11th Cir. 1996). In order to state a valid claim under the ADA, a plaintiff must generally prove: (1) that he is qualified individual with a disability; (2) that he was either excluded from participation in, or denied benefits of, a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) that this exclusion, denial of benefit, or discrimination was by reason of plaintiff's disability. Bircoll v. Miami-Dade County, 480 F. 3d 1072, 1083 (11th Cir. 2007). The ADA prohibits a prison from discriminating against a qualified disabled inmate on account of that inmate's disability. Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 209-10 (1998).

Plaintiff has failed to state a claim under the ADA because he failed to allege that he was discriminated against *because of his disability.* Plaintiff merely alleges that he was not able to attend his doctor's appointment as a result of Defendant's actions, not that any alleged discrimination was motivated by his purported disability. Thus, to the

AO 72A
(Rev. 8/82)

9

extent that Plaintiff predicates any claims upon the application of the ADA, those claims should be **DISMISSED**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Vacate In Forma Pauperis be **DENIED**. It is my further **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED**, in part, and **DENIED**, in part. With respect to Plaintiff's ADA claims against Defendant, Defendant's Motion should be **GRANTED**, and Plaintiff's ADA claims against Defendant should be **DISMISSED**. To the extent that Plaintiff's Complaint can be read to assert § 1983 claims against Defendant in his official capacity, Defendant's Motion should be **GRANTED**, and Plaintiff's claims against Defendant should be **DISMISSED**. Otherwise, Defendant's Motion should be **DENIED**. Plaintiff's § 1983 claim that Defendant was deliberately indifferent to his serious medical needs should remain pending.

**SO REPORTED** and **RECOMMENDED**, this 19th day of March, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE