FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2009 APR 16 AM 9: 40

CLERK
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

WAYNE REDDICK,

      Plaintiff,

v.

CO. II JOSEPH HUTCHESON,

      Defendant.

CIVIL ACTION NO.: CV608-006

## ORDER

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report, wherein he recommended that Plaintiff's § 1983 claims against Defendant Hutcheson, in his official capacity, and Plaintiff's ADA claims against Defendant be dismissed. After an independent review of the record, the undersigned adopts the Magistrate Judge's Report and Recommendation as the opinion of the Court.

In his Objections, Plaintiff contends that he has sufficiently stated a cause of action for the violation of his Eighth Amendment rights. Plaintiff further contends that Defendant's Motion to Dismiss with respect to his ADA claims should be denied because he was discriminated against due to his disability. Plaintiff "motions and moves" this Court that: his deliberate indifference claim against Defendant should remain pending; Defendant's knowledge of Plaintiff's need for medical care constitutes an unnecessary and wanton infliction of pain that caused a delay in treatment, which resulted in Plaintiff's continued medical problems; Plaintiff's § 1983 claims are against

AO 72A
(Rev. 8/82)

Defendant in his individual capacity; Defendant is not entitled to qualified immunity; and the Georgia Attorney General's office should dismiss Defendant as a client. (Doc. No. 87, pp. 1-2).

Based on the reasoning found in the Magistrate Judge's Report and Recommendation, Plaintiff's Objections are without merit. To the extent that Plaintiff is considered to be making a motion for the Attorney General's office to dismiss Defendant as a client, this motion is denied. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Defendant's Motion to Vacate *in forma pauperis* is **DENIED**. Defendant's Motion to Dismiss is **GRANTED** in part and **DENIED** in part. Plaintiff's ADA claims are **dismissed**. To the extent that Plaintiff's Complaint can be read to assert § 1983 claims against Defendant in his official capacity, these claims are also **dismissed**. Plaintiff's claim against Defendant in his individual capacity alleging that he was deliberately indifferent to his serious medical needs remains pending.

**SO ORDERED**, this _16_ day of April, 2009.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA